IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY <br><br> Plaintiff, <br><br> v. <br><br> KNIPP EQUIPMENT INC ETAL <br>    Serve: Registered Agent John F. Knipp <br>         120 South Ida Street <br>         Wichita, KS 67211 <br>and <br><br> BOARD OF COMMISSIONERS OF EDWARDS COUNTY, KANSAS, <br> Serve: Edwards County Clerk <br>      312 Massachusetts Ave <br>      Kinsley, KS 67547 <br><br> Defendants. | Case No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Employers Mutual Casualty Company ("EMCASCO"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and for their Complaint for Declaratory Judgment, hereby state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff EMCASCO is an insurance company incorporated, organized, and existing under the laws of the State of Iowa, with its principal place of business in the State of Iowa, and it is therefore a corporate citizen of the State of Iowa.

1

2. Defendant Knipp Equipment Inc. ETAL ("Knipp Equipment") is a corporation incorporated, organized, and existing under the laws of the State of Kansas, with its principal place of business in the State of Kansas, and it is therefore a corporate citizen of the State of Kansas.

3. Defendant is the governing body of Edwards County, Kansas (the "Board") with a correct address of: Board of Commissioners of Edwards County, c/o Edwards County Clerk 312 Massachusetts Avenue, Wichita, Kansas 67211.

4. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 2201 because EMCASCO is seeking a determination of their rights and obligations under insurance policies. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper in the District of Kansas under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this cause of action occurred within this judicial district, and because both Defendants reside in this judicial district.

## GENERAL ALLEGATIONS

6. EMCASCO brings this action seeking interpretation of an insurance policy that it issued, as well as a declaration of its rights and obligations thereunder.

7. EMCASCO issued to Knipp Equipment Inc. ETAL as named insured a commercial general liability insurance policy, Policy No. 3D5-97-29—17, with effective dates of September 1, 2016 to September 1, 2017 (the "Policy"). A true and correct copy of the Policy is attached hereto as <u>Exhibit A</u> and is incorporated by reference as if fully set forth herein.

8. Subject to its terms, conditions, definitions, limitations, and exclusions, the Policy provides commercial general liability insurance coverage with limits of $1,000,000 each occurrence and $2,000,000 general aggregate limit. See Exhibit A.

9. The CGL Policy contains the following relevant provisions, among others:

\*\*\*

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
…
Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.
…

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of … "property damage" to which this insurance applies. …
   b. This insurance applies to… "property damage" only if:
      (1) The… "property damage" is caused by an "occurrence"…
…
2. **Exclusions**
   This insurance does not apply to:

   a. **Expected Or Intended Injury**
      [Amended by Endorsement CG7191(8-14), below.]
   …
   j. **Damage to Property**
      "Property damage" to:
      …
         (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

3

   (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

…

Paragraphs… (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

…

**SECTION V – DEFINITIONS**

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

16. "Products-completed operations hazard":

 **a.** Includes all… "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

…

  (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
   (a) When all of the work called for in your contract has been completed.
   (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
   (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

…

17. "Property damage" means:

 a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

 b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

4

    **18.**    "Suit" means a civil proceeding in which damages because of … "property damage" … to which this insurance applies are alleged. "Suit" includes:
- a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
- b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

…

**23.** "Your work":
- a. Means:
  - (1) Work or operations performed by you or on your behalf; and
  - (2) Materials, parts or equipment furnished in connection with such work or operations.
- b. Includes:
  - (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance, or use of "your work"; and
  - (2) The providing of or failure to provide warnings or instructions.

…

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.[1]
**GENERAL LIABILITY ESSENTIAL EXTENSION**
…
**A.   EXPECTED OR INTENDED INJURY**
**Section I – Coverage A**, Exclusion **a.** is amended as follows:
**a.**   "[This insurance does not apply to:] … "[P]roperty damage" expected or intended from the standpoint of an insured. This exclusion does not apply to… "property damage" resulting from the use of reasonable force to protect persons or property.

\*\*\*

*See* <u>Exhibit A</u>.

    10.    On May 20, 2016, the Board and Knipp Equipment entered into a Contract (the "Contract") for the removal and replacement of the nearly hundred-year-old Edwards County

---

[1] Endorsement CG7191(8-14)

Courthouse's (the "Courthouse's") one-hundred-and-thirteen windows, in exchange for $320,775, paid upon completion. A true and correct copy of the Contract is attached hereto as <u>Exhibit B</u> and is incorporated by reference as if fully set forth herein.

11. The project was presumed completed and final payments were made by the Board to Knipp Equipment on February 21, 2017.

12. On or about March 17, 2017, a member of the Board noticed that, in response to a rainstorm, several of the windows were beginning to leak on the north side of the building.

13. The Board performed subsequent maintenance at Knipp Equipment's suggestion, incurring additional costs. However, several windows all around the Courthouse continued to leak.

14. Finally, at a meeting held on July 23, 2018, the Board voted to reject Knipp Equipment's remediation reports and recommendations and request full repairs to the Courthouse windows.

15. On February 10, 2021, the Board filed a Statement of Claim (the "Statement") against Knipp Equipment with the American Arbitration Association, sounding in breach of contract. A true and correct copy of the Statement is attached hereto as <u>Exhibit C</u> and is incorporated by reference as if fully set forth herein.

16. Per the Statement, the Board alleged that "as a result of Knipp [Equipment]'s breach of contract, the windows installed by Knipp [Equipment] must be removed, re-sized, and re-installed, at the estimated cost of $420,000." See <u>Exhibit C.</u>

17. The arbitration was conducted from July 26 – 29, 2021, with EMCASCO providing a defense to Knipp Equipment under a full and complete reservation of rights.

18. On October 11, 2021, Arbitrator Wyatt A. Hoch ("Mr. Hoch") entered an Arbitration Award (the "Award") in the Board's favor. A true and correct copy of the Award is attached hereto as Exhibit D and is incorporated by reference as if fully set forth herein.

19. Per the Award, Mr. Hoch found that "Edwards County is entitled to recover damages for the cost to correct all 113 window openings in the building." Mr. Hoch found that the Board's actual damages totaled $405,620.00. The Award also held that Knipp Equipment was liable to reimburse the Board an additional sum of $4,500.01 in fees related to the arbitration, bringing the final award up to **$410,120.01**. Knipp equipment was required to pay the award within thirty days, with interest accruing from the date of the award at the current Kansas post-judgment interest rate. See Exhibit D.

20. On September 12, 2022, the Board filed a Petition to Confirm Arbitration Award and Enter Judgement (the "Petition") in the District Court of Edwards County, State of Kansas, including Knipp Equipment as a respondent ("Subsequent Litigation"), alleging that "no part of the [arbitration award] has been paid." A true and correct copy of the Petition is attached hereto as Exhibit E and is incorporated by reference as if fully set forth herein.

21. Throughout the arbitration and subsequent litigation, EMCASCO sent Mr. John Knipp (as the representative of Knipp Equipment) various coverage position/reservation of rights letters, the most recent of which being in December, 2022 (the "Reservation of Rights Letter"), consistently denying a duty to indemnify.

22. Plaintiff now seeks a declaration that it owes no indemnity coverage to Knipp Equipment based on the Board's allegations, the Arbitration Award and/or the Subsequent Litigation pursuant to the provisions and exclusions of the Policy.

23. An actual case or controversy of a judicial nature exists between the parties concerning the rights and obligations of each party under the Policy, and litigation as to this controversy is inevitable and imminent.

24. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

25. All necessary and proper parties are before the Court with respect to the matters in controversy.

26. EMCASCO has no adequate remedy at law.

## COUNT I – DECLARATORY JUDGEMENT

27. EMCASCO hereby incorporates and re-alleges each and every allegation set forth in Paragraphs 1 through 26 above.

28. The Policy provides coverage for indemnity for "those sums that the insured becomes legally obligated to pay as damages because of … 'property damage' to which this insurance applies. […]This insurance applies to… 'property damage' only if the… 'property damage' is caused by an 'occurrence'[…]."

29. The Policy defines "property damage" as "(a) physical injury to tangible property, including all resulting loss of use of that property…; or (b) loss of use of tangible property that is not physically injured[…]." See Exhibit A.

30. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." See Exhibit A.

31. The Policy contains an exclusion for property damage which is "expected or intended from the standpoint of the insured." See Exhibit A.

8

32. The Policy also contains an exclusion for property damage to "that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations" or "that particular part of any property that must be restored, repaired, or replaced because 'your work' was incorrectly performed on it." See Exhibit A.

33. Plaintiff does not owe a duty under the Policy to indemnify Knipp Equipment for at least the following reasons:

   a. The Arbitration Award and Subsequent Litigation do not constitute "property damage," as defined by the Policy, to which this insurance applies.

   b. Even if the Arbitration Award and Subsequent Litigation did constitute "property damage," which it does not, said "property damage" was not the result of an "occurrence," as defined by the Policy, because Knipp Equipment's actions did not constitute an "accident."

   c. Even if the Arbitration Award and Subsequent Litigation did constitute "property damage" as a result of an "occurrence," which it does not, the Policy's exclusion for expected or intended acts precludes coverage.

   d. Further, even if the Arbitration Award and Subsequent Litigation did allege "property damage" as a result of an "occurrence," which it does not, the Policy's Damage to Your Property exclusion precludes coverage.

34. By reasons of the foregoing, a declaratory judgment action is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between Plaintiff and the Defendants under the Policy at issue.

**WHEREFORE**, EMCASCO respectfully requests this Court to declare the rights and obligations of the parties under the Policy and to enter judgment in favor of EMCASCO, adjudging and declaring that there is no applicable coverage for Knipp Equipment under the Policy with respect to the Arbitration Award and Subsequent Litigation to enforce same, that EMCASCO has no duty to indemnify Knipp Equipment with respect to the Arbitration Award and Subsequent Litigation to enforce same, and that EMCASCO is entitled to such further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

**WATTERS WOLF BUB & HANSMANN, LLC**


*/s/ Timothy J. Wolf*
Timothy J. Wolf, #26081
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 Telephone
(636) 798-0693 Facsimile
twolf@wwbhlaw.com
***Attorneys for Plaintiff Employers Mutual Casualty Company***

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a true and correct copy of the foregoing was served by the Court's electronic filing system, this 4th day of October 2023, on all counsel of record.

      */s/ Timothy J. Wolf*