## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EMPLOYERS MUTUAL CASUALTY
COMPANY,

                *Plaintiff*,

v.

KNIPP EQUIPMENT INCORPORATED
and BOARD OF COMMISSIONERS OF
EDWARDS COUNTY, KANSAS,

                *Defendants*.

Case No. 23-CV-1213-EFM

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Employers Mutual Casualty Company ("EMCASCO")'s Joint Request for Entry of Judgment against Defendant Knipp Equipment Inc. ("Knipp") (Doc. 23). Defendant Edwards County Board of Commissioners (the "Board") objects to this Request. For the reasons stated below, the Court denies EMCASCO's Request.

In May 2016, the Board hired Knipp to remove and replace windows at the Edwards County Courthouse. After encountering various issues with Knipp, the Board sought arbitration in July 2021. As Knipp's insurance provider, EMCASCO defended Knipp under a full and complete reservation of rights. On October 11, 2021, an arbitration award was entered against Knipp for up to $410,120.01. To date, Knipp has paid no part of the award. On September 12, 2022, the Board filed suit against Knipp in state court.[1]

_____

[1] *See Bd. Comm'rs of Edwards Cnty, Kan. v. Knipp Equip., Inc.*, No. ED-2022-CV-000014 (Sept. 12, 2022).

On October 4, 2023, EMCASCO filed a complaint before this Court seeking a declaratory judgment that the insurance policy (the "Policy") it issued to Knipp did not cover the alleged damages Knipp caused to the Edwards County Courthouse. On January 17, 2024, all parties appeared for an initial Scheduling Conference. At that time, EMCASCO and Knipp disclosed that they were working out a settlement agreement between themselves that would dismiss Knipp from the action. They both agreed that EMCASCO had no duty to defend or indemnify Knipp for the alleged property damage it caused to the Edwards County Courthouse.

The Magistrate Judge instructed these parties to file a motion reflecting the settlement agreement, which they did on February 12, 2024. The next day, the District Judge advised the parties via email that it would treat the filing as a Motion to Dismiss a Party from the suit and requested an accompanying Proposed Order. EMCASCO emailed its Proposed Order to the clerk's office on March 4, 2024. The Board subsequently filed its Response and Objection to the Proposed Order on that same day, offering its own Proposed Order crafted independently of the settling parties. Each party asks the Court to grant its Proposed Order.

In this case, the Court mandated—and the parties agreed—that EMCASCO's request would be converted to a Motion to Dismiss a Party from this case. As such, the Court evaluates the request under Federal Rule of Civil Procedure 41. Under Rule 41(a)(1), a plaintiff may voluntarily dismiss without a court order as long as the opposing party has not served an answer or a motion for summary judgment, or all parties agree to dismiss. In all other situations, Rule 41(a)(2) governs. It permits a plaintiff to dismiss a case voluntarily "only by court order, on terms that the court considers proper."[2] The rule's primary purpose is to prevent voluntary dismissals

---

[2] Fed. R. Civ. P. 41(a)(2).

which unfairly affect the other side.[3] Ordinarily, district courts should grant a Rule 41(a)(2) dismissal absent legal prejudice to the defendant.[4] But each voluntary dismissal is evaluated on a case-by-case basis.[5]

Here, EMCASCO filed its Request after both Defendants filed their Answers, and the Board clearly does not stipulate to the dismissal. Thus, the Court must determine whether dismissal is proper or whether it would cause plain legal prejudice to a defendant. "Plain legal prejudice" may be defined as "prejudice to some legal interest, some legal claim, or some legal argument."[6] The court considers whether the opposing party will suffer prejudice in light of the valid interests of the parties.[7]

In this case, EMCASCO asks this Court to enter judgment against Knipp by "finding and concluding that EMCASCO has no duty to defend or indemnify Knipp because there is no coverage" under the Policy. However, granting such an order would directly impact the Board's rights as a third-party beneficiary.[8] Despite EMCASCO's assurance that its Proposed Order would not impact or dispose of any claims the Board may have for coverage under the Policy, the functional impact of granting the order would render any such "preservation" meaningless. This is because the underlying issue of Knipp's insurance coverage is inextricably intertwined with the Board's ability to collect against EMCASCO. And converting this request to a motion to dismiss

---

[3] *Schwab v. Kobach*, 2019 U.S. Dist. LEXIS 164439, at *6 (D. Kan. Sep. 25, 2019) (citing *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005)).

[4] *Mitchell v. Roberts*, 43 F.4th 1074, 1083 (10th Cir. 2022).

[5] *Id.* at 1084.

[6] *Ledford v. Kinseth Hosp. Cos.*, 2017 U.S. Dist. LEXIS 90211, at *5–6 (D. Kan. June 13, 2017) (quoting *Gonzales v. City of Topeka, Kan.*, 206 F.R.D. 280, 282 (D. Kan. 2001)).

[7] *Id.* (further citations, quotations, and brackets omitted).

[8] *Johnson v. Westhoff Sand Co.*, 31 Kan. App. 2d 259, 276, 62 P.3d 685 (2003) (holding that "Kansas law is settled" that a judgment creditor is a third-party beneficiary of the underlying insurance contract).

does not resolve the settling parties' underlying request—that is, to avoid a potentially adverse judgment on the merits by *ex post facto* "settling out of" any obligations that may exist under the Policy. Allowing such a dismissal tactic would essentially backdoor a ruling that EMCASCO has no contractual obligations to Knipp. Regardless of EMCASCO and Knipp's intent, this would practically undercut the Board's claims for coverage under the Policy, which would certainly constitute plain legal prejudice. Accordingly, the Court denies EMCASCO's Request for Judgment against Knipp.

**IT IS THEREFORE ORDERED** that Plaintiff EMCASCO's Joint Request for Entry of Judgment against Defendant Knipp (Doc. 23) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE